PEOPLE, PLAINTIFF AND APPELLEE, v. JUNCOS CENTRAL CO.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of Section 332 of the Penal Code.

No. 908.—Decided July 11, 1916.

CORPORATION — APPEARANCE — APPEAL — JURISDICTION — SUBMISSION. — When an
action is brought against a corporation in a municipal court and it appeals
to the district court, its appearance in the district court, unless it be special
for the purpose of challenging its jurisdiction, constitutes submission, even
though it was not summoned in due form by the former court. A motion
to dismiss the information should be made prior to appearance and the
burden is on the defendant to show that the municipal court had not ac-
quired jurisdiction.

PUBLIC HEALTH AND SAFETY—INFORMATION—WATER SUPPLY.—One of the essen-
tial averments of an information charging a violation of section 332 of the
Penal Code is to state that water is drawn from a specified body of water
for the supply of some city, village or municipality.

ID.—ID.—DEMURRER—AMBIGUITY.—In this case the information charges that the
defendant polluted "the water of the Río Grande de Gurabo which was des-
tined to the use of the inhabitants of the said municipality." Held: That
although only the words "said municipality" are employed, inasmuch as the
name immediately preceding said words in grammatical order is "Gurabo"
and the sanitary inspector of Gurabo made the complaint, in the absence of
a demurrer on the ground of ambiguity the question of whether the words
"said municipality" refer to Juncos, which is also mentioned in the com-
plaint, cannot be raised for the first time on appeal.

ID.—POLLUTION OF WATER—EVIDENCE—AGENT.—When a corporation engaged in
the manufacture of cane sugar is charged with having polluted the water
of a river destined for the supply of the inhabitants of a municipality,
rendering the same unfit for public consumption by throwing filth, refuse
and molasses therein, the admissions of an engineer, who is an agent of
the corporation, within the scope of his employment are not objectionable.

MUNICIPALITY—JUDICIAL NOTICE.—The courts of Porto Rico will take judicial
notice of the different municipalities of the Island referred to in a complaint.

The facts are stated in the opinion.
*Mr. Francisco González* for the appellants.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A complaint was filed in the Municipal Court of San Lo-
renzo against the Juncos Central Company for a violation
of section 332 of the Penal Code. On appeal the District
Court of Humacao found the defendant guilty.

The first assignment of error relates to the refusal of the court to dismiss the prosecution. The defendant is a corporation and alleges that it was not properly cited or summoned. It does not appear whether or not the corporation raised any question of this kind in the municipal court or whether the defendant by appearing in that court and defending waived any question of summons and citation. We are inclined to believe if no such submission or waiver was made that the defendant might raise the question on appeal to the district court provided it took no step inconsistent with the acquisition of jurisdiction by the courts. We are in doubt whether the mere appeal from a judgment against the corporation would give the appellate district court jurisdiction if the defendant were not duly cited or summoned. However, we are of the opinion that any appearance in the district court short of a special appearance to contest the jurisdiction would be a submission. We see no reason to distinguish this case from a civil one in which a corporation is summoned. We have recently examined such a question, *Aparicio Brothers* v. *H. C. Christianson & Co.*, 23 P. R. R. 457.

In this case on the day the case was set for trial, and not before, the defendant appeared generally and moved to dismiss the complaint. We think the motion was not in proper form and came too late, as the defendant at the instant of the motion had already submitted. It should be noticed too that no facts were presented to support the motion, and after the appeal and appearance of the defendant the burden was on it to show that the municipal court had not acquired jurisdiction.

Generally, the mere appeal to a district court is considered as a general appearance (3 Cyc. 510, 2 R. C. L. 334), but as this defendant is a corporation and the case is a criminal one, we reserve the question.

The third assignment of error alleges a variance. The complaint was as follows:

"I, Joaquín Sánchez de la Rosa, sanitary inspector of Gurabo, P. R., charge The Juncos Central Co., represented by Tomás Subirana, with an offense against the public health and safety, a violation of section 332 of the Penal Code, committed as follows: On May 4, 1914, in the ward of Gurabo Abajo of Juncos, P. R., of the Municipal Judicial District of San Lorenzo, which forms a part of the Insular Judicial District of Humacao, P. R., the said accused, engaged in the manufacture of cane sugar and incorporated under the laws of Porto Rico, by its general manager, Tomás Subirana, or by some other person, employee or laborer acting under the orders and direction of said manager, unlawfully and knowingly contaminated the water of the Río Grande of Gurabo which was destined to the use of the inhabitants of the said municipality, intentionally and maliciously rendering the same unfit for public consumption.

"The contamination of the said water was affected by running the molasses and residuum into a large deposit or tank in the ground on the west of the factory and allowing the said molasses and residuum to flow out of the said tank through a specially constructed wooden floodgate into the Gurabo River; that is to say, by opening the said floodgate and allowing the said refuse, residuum and molasses to escape into the overflow of the Gurabo River and through a ditch into a stream of water running from the said central; then the said refuse, molasses and residuum are carried by the said stream into the river where the water of the Gurabo River was contaminated on the said date to the notorious prejudice of the public."

## Section 332 of the Penal Code is as follows:

"Every person who puts the carcass of any dead animal, or the offal or filth from any slaughterhouse, pen or butcher shop, into any river, creek, pond, reservoir, stream, alley, public highway, or road in common use, and any person who puts any filth or carcasses of any dead animal or any offal of any kind in or upon the borders of any stream, pond, lake or reservoir, from which water is drawn for the supply of the inhabitants of any city, village or municipality, so that the drainage from the filth, carcass of any animal, or offal of any kind may be taken up by or in such stream, lake or reservoir, or who by any other means fouls or pollutes the waters of any such stream, pond, lake or reservoir, is guilty of a misdemeanor and upon conviction shall be punished by imprisonment in jail not exceeding one year or by fine not exceeding one thousand dollars, or by both fine and imprisonment in the discretion of the court."

Appellant is right in saying that it is an essential aver-
ment of a complaint under this section to state that water
is drawn from a specified body of water for the supply of
the inhabitants of some city, village or municipality. He
maintains that the complaint alleges that the inhabitants of
Juncos were injured while the proof shows that the injured
persons were the inhabitants of Gurabo. If the complaint
be examined it will be seen that no municipality is directly
mentioned but the words used are "said municipality." In
the complaint the name "Gurabo" appears no fewer than
three times. No place is specially named as a municipality;
not even Juncos. The court could take judicial notice that
Gurabo, Juncos, San Lorenzo and Humacao, all mentioned
in the complaint, were municipalities. The name in imme-
diate grammatical position before the words "said munici-
pality" is the word "Gurabo," and it is the inspector of
health of Gurabo, P. R., who files the complaint. As the
court and the defendant also would know the course of the
stream Río Grande de Gurabo, we see neither error nor
prejudice. There was no suggestion at the trial that the
complaint was vague and ambiguous in this regard. The
fourth assignment of error relates to the same matter.

The second and fifth assignments of error relate to ad-
missions of an engineer given in evidence. The defendant
maintained that he was not an officer of the defendant whose
admissions could bind the said defendant. There is no ques-
tion that the engineer was an agent of the company and we
think that the whole proof tended to show that the en-
gineer's statements referred to matters within the scope of
his employment and hence were not objectionable.

There is also an assignment with respect to the weight
and sufficiency of the proof, but we think it was sufficiently
shown that the corporation did contaminate the body of water
in the manner and form described in the complaint.

Nor does anything in the proof incline us to interfere

with the discretion of the court in imposing a fine of $1,000. The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.